Case 104-4294, Local 18 International Union v. Ohio Contractors Association. Oral argument, 15 minutes per side. Mr. Fidel for the appellate. Thank you, and may it please the Court, Timothy Ronald Fidel for Plaintiff Appellant, International Union of Operating Engineers, Local 18. I would like to reserve approximately 5 minutes for rebuttal. Federal law favors collective bargaining. The federal government has long pursued a policy that puts collective bargaining as a favored tool of ensuring labor peace in the absence of industrial strife. Part and parcel with that policy favoring collective bargaining is a federal policy that favors the use of labor arbitration as a means of resolving disputes that arise under collective bargaining agreements. This goes back to the United States Supreme Court's seminal cases commonly referred to as the Steelworkers Trilogy. In this case, the International Union of Operating Engineers, Local 18, Plaintiff Appellant, and the defendant, appellee, Ohio Contractors Association, have decades of history of collective bargaining between one another. Throughout that period of time, that collective bargaining agreement has consistently identified and explained terms and conditions of work that are going to apply to members of Local 18 who are generally those men and women in this state and parts of northern Kentucky that are responsible for operating heavy construction equipment in the highway industry. Meanwhile, the OCA is representing the interests of those businesses that are engaged in construction, highway heavy and other heavy industry construction. Throughout that period of time, they have created a long and storied history of collective bargaining that addresses specific terms and conditions that are relevant to each of the parties and their practices and positions. To begin, there's wages, overtime, general terms that would apply to most collective bargaining agreements. Then there are also more specific terms that apply to the industry at issue in this case. There's provisions regarding where water is to be placed on a job site, where the restroom facilities are to be made available, who gets a work truck and who does not. But isn't the basic question whether the hydro excavator is a piece of equipment that is covered by the arbitration provision? The question is, Your Honor, and the issue as it is framed is one of substantive arbitrability. And the question, therefore, is whether the dispute concerning Local 18's request to identify, include and classify hydro excavator equipment into the highway heavy agreement is covered by the arbitration provisions contained within that agreement. The question of whether or not it's within our jurisdiction is not a part of the analysis used to determine the substantive arbitrability of this dispute. The question of whether it is within our jurisdiction can be viewed several different ways, but in no way should it be viewed as one of substantive arbitrability. It could be viewed as a condition precedent. Whether or not you have fulfilled this condition precedent in order to pursue arbitration, if it is viewed as a condition precedent, then it is not a matter of substantive arbitrability, but a matter of procedural arbitrability, which must be left to the arbitrator to decide. If it is viewed, it can also be viewed as a question on the merits of the case. To the extent that Local 18 would be successful in its arbitration of this dispute, it must establish that the equipment at issue is within the jurisdiction of the International Union of Operating Engineers. And again, if it is a merit issue, a question of merits, then it must be deferred to the arbitrator and should not be considered when making the determination as to the substantive arbitrability of this case. So your first position is that this is a decision for the arbitrator to make? The first decision would be that the issue of whether hydro-excavators are within the jurisdiction of the International Union of Operating Engineers is not an issue that needs to be addressed or resolved to determine the substantive arbitrability of the dispute. You need to simply look at the paragraphs that are providing for arbitration and make the determination as to whether, when they entered into those paragraphs, they intended that those paragraphs providing for arbitration would cover this type of dispute. And in this case, there is no question. What specifically are you saying tells us that this is covered? Well, paragraph 30 in and of itself. I'm looking at paragraph 30. Correct. And can you tell me where in paragraph 30 you see that? Paragraph 30 provides, if equipment within the jurisdiction of the International Union of Operating Engineers is utilized by an employer and there is not an appropriate classification or pay rate. That's within the jurisdiction, and isn't that the question? Correct. But that is not a question that the court needs to determine when it's going to determine substantive arbitrability. The question of whether it's within the jurisdiction of Local 18 is one that should be reserved for the arbitrator, either as one as a procedural issue, because it is a condition precedent to seeking arbitration, or as a merits issue. But how do we use paragraph 30 if we don't decide first if the equipment is within the jurisdiction of the International Union? Well, to make that... And I may back up a minute. If that is the issue, if the trial court were to say, look, we need to determine whether or not this is in your jurisdiction, the point in the proceedings where they did that was inappropriate. This was brought on a 12B motion to dismiss. The plaintiff's complaint is clear. Paragraph 14. We allege it's within our jurisdiction. That's been alleged. So to the extent the court found otherwise... Whoa, whoa, whoa. Are you saying that that's strictly a factual issue? Whether or not equipment is within our jurisdiction, the hydro excavator, is purely a factual issue. That is an issue that can only be resolved... No, we should not be here on a factual question because this case was determined on a motion to dismiss. But you're saying that that's a factual question, but what if it isn't? In other words, the district court had to take your facts as alleged as being correct. But if the district court said, but that jurisdiction is a legal question, so the fact that the Union says it's within the jurisdiction doesn't make it so. Well, I do not believe that the trial court indicated that it was treating it as a legal question and was making a determination as a matter of law that this equipment is outside of Local 18's jurisdiction. I do not believe that is a legal issue. It can only be a factual issue. The extent of jurisdiction... Jurisdiction is determined by a myriad of different factors, at least in the organized labor field. You have the initial charter that was given to the Union. What does that initial charter say? You have records of decisions that are issued by the AFL and CIO as to questions of jurisdiction. What do those say? So it's a series of different factors that were playing to that determination and to whether or not this equipment is within Local 18's jurisdiction. Now, the district court said at various times in its opinion that it was undisputed. No. X, Y, and Z were the case. Where is the district court getting that? There are only two possible... really, one possible... two possible areas where that could have been... the district court could have gotten that idea. There was a brief phone conference for case management scheduling purposes that was held initially when this case was removed from Kahneman Police Court. During that period of time, there was some discussion as to about whether or not the equipment was within our jurisdiction. We allege that it was. There was also a letter that was sent by plaintiffs... or, excuse me, by counsel for appellee defendants directly to the judge, which Local 18 was copied on. This was before any briefing took place outlining their position, specifically stating, I believe, at that point in time that it was not within our jurisdiction. Now, neither of those avenues are appropriate avenues for introducing evidence into a record to make a determination as a fact, which is... But this is a 12B6. Correct. This is a motion to dismiss. And our complaint does allege... Appellant's complaint does allege specifically that hydro excavators are equipment that is within the jurisdiction of the International Union of Operating Engineers and that we have fulfilled all conditions precedent necessary to request arbitration of the dispute. So, I'm just sort of curious. It seems to me that we're going around in circles. I apologize. I'm a little confused. But Paragraph 14 does say hydro excavator equipment is equipment within the jurisdiction of the union. So, what is the basis for that statement in the complaint? Is it Paragraph 30? Or is it something else? The basis for that statement that is within our jurisdiction would be based upon a myriad of different factual issues. Those factual issues would include the Charter for the International Union of Operating Engineers that was issued in 1903, various decisions of issue made by the AFL-CIO when determining jurisdictional disputes since the early 1900s. There would be other aspects of it. It would be our training that we provide on it. We have four training sites across the state of Ohio. We have indoor, outdoor facilities, hundreds of acres. So, all of this is fact? Those would be facts that if Local 18 was given the opportunity to engage in discovery, to do depositions, to put forward affidavits, to produce something at the summary judgment level, those are all facts and evidence that we would have introduced to establish that hydro-excavators are within our jurisdiction. But again, I do not want to concede that that is an appropriate issue for the trial court in this area. I believe that that is an appropriate issue for the arbitrator to decide. I thought that courts are supposed to decide whether something is arbitrable. Courts are to decide whether something is arbitrable. Yes, Your Honor. And the key paragraph that you've pointed us to is Paragraph 30. In connection with Paragraph 108. Yes, Your Honor. Right, because 108 is referred to in Paragraph 30. But Paragraph 30 basically says if the equipment within the jurisdiction of the union is used and there's not an appropriate classification in the wage schedule, either party may request a new classification rate of pay. And then you go to 108 if you can't agree, right? Correct, Your Honor. Okay, so why... If it's for the court to decide, let's say hypothetically, I know that's not your position, but if it's for the court to decide, why shouldn't we decide whether the district court was right or wrong in saying it's within the jurisdiction? If it were for the court to decide, this body would have the authority to do that were it presented with appropriate factual evidence to do that. There's been no factual evidence that has been presented that will allow any party, whether it be the trial court or this court, to make that determination. So looking at the CBA, we cannot decide this as a matter of law is what you're saying? No, because I think Paragraph 30 is very clear that it conceives of a circumstance or a scenario where there is equipment within our jurisdiction, but it's not mentioned in that collective bargaining agreement. That's the entire purpose of Paragraph 30 is that, hey, there's going to be circumstances where new equipment's going to come around, and it's going to be utilized by an employer, and it's going to be equipment within Local 18's jurisdiction. So why would the hydroexcavator be like the equipment in Schedule A? Oh, it is used for the exact same purpose as any other piece of equipment that is used for excavation. It is used to take earth and remove it and place it in another spot. It is no different than when we went from steam shovels to hydraulically powered shovels. It is just a change in advance. What is a hydroexcavator? A hydroexcavator, the best way I can put it, it is a pressure washer. Are you familiar with a pressure washer? You wash houses? Yeah, where you wash houses, and you attach the end of that pressure washer to a vacuum, and you use the pressurized water, and you squirt it at the soil, and that creates a sign of a slurry of mud and different things. And then when that slurry is created, the vacuum sucks up that slurry and leaves you with a nice clean ditch. It became very popular in the pipe industry, in the pipeline industry, because it is a way to excavate pipe without risking bursting it like you would with a scoop or a shovel. And I see that my time has passed. I wanted to wait, because I think my question comes from a different perspective. Would that be all right? Sure. I thought the argument that made most sense in your favor went as follows, but it doesn't sound like what you are arguing. So if it is not what you are arguing, you can just say, and then I can put it aside. Very well, Your Honor. I thought that when you had the words, you've got two places where this contract talks about arbitration. One is in 30, and one is in 108. That's correct, right? So you look in 30, and it says there's arbitration if equipment is within the jurisdiction. Okay, so you could argue about whether that's procedural or substantive. It sure looks substantive to me. You could argue about if it is substantive, whether it's met or not, and the district court won one way or the other. But the words within the jurisdiction there are in the contract, and if you go to 108, and this is what I thought you were arguing, but maybe not, it says if there's a dispute as to this agreement, as to its meaning, and the intent of its terms, the dispute will be settled in accordance with the following grievance procedure. So I thought, well, what makes sense to me, but maybe not, is the words within the jurisdiction themselves are subject to arbitration. Your Honor? Because those are words in the contract which you have been debating right now. What do they mean? They might mean this, they might mean that. It seems to me they mean what Article 4 says, which it lists all these things and says, like equipment. Sounds like there's an intent to the content of the words jurisdiction, but you could have disputes over it, and 108 sends that dispute as to whether a condition is made to arbitration in another part of the contract to arbitration. But you're not making that argument, or you are? I am, Your Honor. If you are, then I have this question, because that argument makes sense to me. It's sort of two-stage, you know. We've got the within the jurisdiction words, those are words in the contract, words in the contract are to be arbitrated, but the problem is if it's arbitrated according to the following grievance procedure in 108, you've got to have some kind of a grieved employee for Steps 1, 2, 2A, and 3, which makes it seem like it doesn't fit within 108. Are you with me? I am very with you. Well, what's the answer to that? The answer is, there's a couple that would apply. I think the first one that would apply... What's the best answer? The best answer is that the grievance procedure is not just open to employees. If you look at the very first sentence of the paragraph 108, I believe it says, if there is a dispute between any party and identifies union, employer, association, and employee. So that grievance... Also, Step 1 involves an employee, though. Correct, but paragraph 30 incorporates, what it does is you have a very broad net that is cast by... I'm not looking at paragraph 30 under this theory, because we're just trying to figure out what the words within this jurisdiction mean. Paragraph 108 casts a very broad net, and it encompasses any dispute that should arise concerning the meaning, intent, or application of the language. That would make sense if you didn't have these following steps. But paragraph 30 specifically references the final reference of... In paragraph 30, it says it shall be... That's paragraph 30 arbitration. Correct. What I'm thinking about is 108 arbitration to determine whether we get to 30. Are you with me? I am with you, Your Honor. It seems a little bit incoherent, then, to use a limitation in paragraph 30 arbitration to determine whether... Paragraph 108 does contain a multi-step grievance procedure that is normally followed on job sites when you have an employee that is disputing whether or not the contract has been adhered to. That multi-step procedure has been replaced by paragraph 30's request for negotiation and negotiation. And when you replace those multi-steps with that, paragraph 30 itself specifically says that if you can't resolve it, like you could in the multi-step procedure in paragraph 108, if you can't resolve it that way, then you go to the final step of paragraph 108, which is... You only do that stuff in 30 if you're in 30. Correct. That seems to be... You've got, like in the last argument, there's spaghetti going on here. Well, paragraph... Kind of like... Well, that is a contract as it is written. Paragraph 30 is written to incorporate paragraph 108. And paragraph 108 is written so it would apply to paragraph 30 because of the broad net that it casts. What if paragraph 30 just didn't refer to 108? Would you still say that... And provided some different kind of arbitration. Would you still say that within the jurisdiction words had to be arbitrated under paragraph 108? To the extent that you are seeking to determine whether or not it is within the jurisdiction of Local 18 and that is a factual issue, yes, that would... I don't even think it's a factual issue, but I don't guess it matters if it's arbitrable. The arbitrator can figure it out. That's my position, Your Honor, and that would be my client. All right, I understand that's your position, but what's the answer to the concern that I'm expressing that any, in the first few words of 108, is qualified by the next steps which seem to suggest that it should a dispute involving an aggrieved employee... Any dispute involving an aggrieved employee among the parties to this agreement shall be subject to the following grievance procedure. That seems to be what it's saying. If the concern is that we did not follow those steps, I hate to say it, but that is a question of procedural arbitrability. Whether or not you fulfilled the conditions precedent or engaged in the outlined steps of an arbitration procedure in a collective bargaining agreement is not a question of substantive arbitrability. It is one of procedural. All right. Thank you, Your Honor. Thank you. May it please the Court. Good morning, Your Honors. My name is Amy Mitchell. I'm here on behalf of Ohio Contractors Association. As you've heard, Local 18 and Ohio Contractors Association have been engaged in collective bargaining agreements for over the last 40 or so years. The most recent collective bargaining agreement negotiations concluded and the agreement became effective just May of 2013. Shortly after concluding the negotiations, Local 18 attempted to essentially reopen negotiations and add to the collective bargaining agreement jurisdiction over a particular piece of equipment, which was described, the hydroexcavator. The hydroexcavator... We're on a 12B6, right? Correct. So is that in the complaint, or what else are we allowed to look at for that fact? In the complaint, the collective bargaining agreement is attached to the complaint, and therefore you can see that the effective date is May 8, 2013. Right. But you're saying they immediately started to try to renegotiate? It was shortly after. In terms of collective bargaining agreement, shortly after is about 7 1⁄2 months. As set forth in the complaint, they made their request to meet and negotiate. Pursuant to paragraph 30, they would request a rate and classification for the hydroexcavator. So it was about 7 1⁄2 months later. After that request was refused by Ohio Contractors Association because we immediately responded, saying paragraph 30 is not applicable to this situation, they then requested arbitration and eventually filed the complaint alleging breach of the collective bargaining agreement for our refusal to proceed to our paragraph 30 arbitration. Why isn't it within the paragraph 30, according to your client? Paragraph 30 is limited by its very terms to what is appropriate for arbitration, as was discussed. The very language limits what type of equipment would be subject to paragraph 30 arbitration. Which language are you referring to? A couple places. The first, if you look at the very title of paragraph 30, it is for new equipment. We allege this equipment is not new. The title is article 4, wage rates. If you look at the table of contents, it describes paragraph 30 as new equipment. New equipment rate, you go to paragraph 30. So paragraph 30 is applicable, limited to equipment which is new. In other words, it's limited, and the very purpose it's limited is, we can't simply have a provision which allows Local 18 to, any piece of equipment ever, they just want to continually negotiate and arbitrate. It would completely set aside the purpose. But it's not any equipment, it's equipment within the jurisdiction, right? Right, so we have the new equipment, and then we have equipment within the jurisdiction. So it's new equipment within the jurisdiction. Within the jurisdiction. It's new, I guess. The question is whether it's within the jurisdiction. The complaint does not allege that the equipment is new. All right. So that's the first fact. The second issue is, the second issue would be whether the equipment is within the jurisdiction. That's what the district court held, that it was not. That it was not within the jurisdiction, and you can look at that, and our position is that that is a substantive arbitrability issue. Accepting that, though, the words are not perfectly clear. Within the jurisdiction, we believe, is clear. If you look at the collective bargaining agreement, paragraph 4 defines what is within the jurisdiction of the union. So is what the district court did was interpret 4 and say this is not within this list? The district court did refer to paragraph 4. I mean, what the district court, therefore, had to have decided was, if you look at air compressors, back fillers, batch plants, boilers, et cetera, et cetera, tractors, and like equipment, that the district court could determine whether something was within that list? Is that what we're supposed to uphold here, is the correctness of the district court's determination as a district court that this particular piece of equipment was not covered by section 4? Yes, this particular piece of equipment is not covered by paragraph 4. It seems a little strange for us to uphold that when it's not really briefed and there's no discussion, and I don't know what a keystone grater and a paver mixer is, or a pile driving machine. Or even a le tourneau. Or a scoop. It sounds like a scoop to me. I don't know. It sounds a little like a scoop, and it just says like equipment, so wouldn't it make sense if there was a dispute as to whether something was within that list, which is what you're saying there is here, right? You're saying 30 applies because it's in the list and someone might, or because it's not in the list, and they'd say that it is in the list, right? Why wouldn't it make sense then to say, well, that's a word in the contract. It has some meaning, but we're not too sure, and then you go over and look at 108, and it says if there's a dispute as to the meaning of words in the contract, it goes to 108 arbitration. On the issue of paragraph 4, I would say I don't believe that Local 18, and I could be wrong, but I don't believe that Local 18 has ever asserted that hydro excavators is included in paragraph 4. Okay, well, we'll have to ask them that. I thought that they're saying it is like equipment within the jurisdiction assigned to the union. They assert it's within their jurisdiction. They never, to my recollection, go back to the collective bargaining agreement to point to where it's included to state that it is part of the jurisdiction. Certainly, local unions, if you ask them, will claim that every piece of equipment is within their jurisdiction, but it's within the jurisdiction as defined by the collective... It has to be defined by paragraph 4. Correct. But the problem with paragraph 4 is that it lists a bunch of things that we as lay people don't really know what they are, and then all like equipment, which would seem to give an area of interpretation of whether this particular piece of equipment, the hydro excavator, is like equipment. And from the way the description was given, it seems like it could be like equipment, but maybe you need to have factual development, and so maybe the fact finder should decide. And if it's... We're here on 12b-6, so we certainly don't find facts. Correct. The basic question is, should an arbitrator be deciding this, or should the court be deciding this? And to that, I think that the law in the Sixth Circuit is clear, that substantive arbitrability, which this would be an issue. Substantive is basically, does the agreement say that the subject of the dispute should go to arbitration? Could I ask you to uphold your position and to affirm this case? Do we have to conclude that the district court was correct, that this item is not in the list on page 4, or paragraph 4? Yes, I think the district court was correct. So we would, in affirming, we would be holding that these words do not extend to this particular piece of equipment. Is that correct? Correct. Paragraph 4 defines the jurisdiction, and hydro excavators are not included in that. Are not like equipment, right? Correct. For example, there are air compressors listed. Why isn't whether or not this thing is like equipment a question of fact? That would be a question of fact, right? It could be, yes. Yes, it would be. So then the question is, whose job is it to determine those facts? Because the union says, well, it's sure not any court's job to determine those facts, because we really have to submit this to arbitration. If it is a question of fact, it certainly would be for the trial court to determine that. For the trial court as opposed to the arbitrator? Correct, because this is an issue of substantive arbitrability, not procedural. Procedural is timely. Could it not be that, I'm sorry to interrupt, could it not be that a question of substantive arbitrability could be in a different provision of a contract itself subjected to arbitration? Are you referencing paragraph 108? I'm asking an abstract question. Okay, I'm sorry. Could it be that you had a contract which said, this kind of case, in case X or Y, then the following issue will be subjected to arbitration. And then there's another provision, which is another provision, different, which says the question of whether something is X or Y will itself be submitted to arbitration. The first one could be one of substantive arbitrability, but that issue could be put into arbitration in another provision in the contract. Does that just unspeak itself, or is that possible? I believe it would be possible if it was pled that way. It would be possible. Why isn't 108 that? 108, again, determining whether 108, first of all, was not pled in this complaint as an issue. It's referred to as Step 4, but it was not pled as a 108 arbitration. You rely on the language in it, though, which says any dispute of the parties should be subject to arbitration. They do cite it, but if you look at the factual allegations, they clearly request arbitration. You have an argument other than that they didn't raise it. Yes. The other issue is determining whether paragraph 108 could compel arbitration of this issue is also a substantive issue. I'm not asking whether it could compel arbitration. I'm saying could you say that 108 is the way that we figure out what those words in 30 mean. If there was a grievance filed pursuant to 108, then we could get to there. The determination... You're saying 108 only applies if there's an employee grievance, which is the argument I was trying to get him to answer. I'm not even saying that it has to be an employee grievance. I think that's the way the terms are, but certainly a grievance at all has to be filed. There's not been any grievance filed. There's not been any grievance filed at all, and there is a difference. Procedural issues go to grievances such as timeliness. Did you jump through each hoop of the step in the right order? Those things. The existence of a grievance or not a grievance at all, that is a substantive issue. That's a determination of whether 108 applies to the dispute to compel arbitration at all. In fact, Steelworkers v. St. Gobain, I believe he pronounced it a Sixth Circuit case, in discussing some of the differences between procedural and substantive arbitrability, referenced cases cited by the dissent. Granted, it was not in the main portion, but they were referencing cases cited by dissent, explaining that there is a difference between timeliness of a grievance, which would be for the arbitrator, and the total failure to file a grievance at all, which would be for the court to decide. So again, I guess in theory, 108, if there had been a grievance filed, could have been used. It was not, and therefore does not. That's a substantive arbitrability issue. Given that Paragraph 30 refers only to Step 4 of Paragraph 108, is there any need to go through the first three steps of 108? Our position is that Paragraph 30 does not incorporate 108's entire grievance procedure. Paragraph 30 references Step 4 just as a mechanism to select an arbitrator. So Paragraph 30 arbitration is entirely different than Paragraph 108 arbitration. If you look at Paragraph 109 in the same article as Paragraph 108, it even specifically says, Arbitrators pursuant to Paragraph 108 cannot add to the collective bargaining agreement. In that fact, that's exactly what they're asking through Paragraph 30 arbitration, is to add to the collective bargaining agreement. You could phrase it as adding, but you could phrase it as giving meaning to the term like equipment. Well, their request is that a specific piece of equipment, a hardware or a score, is added to Exhibit A, and then a rate and classification are included. So they are specifically requesting, in addition to the collective bargaining agreement, which can't be done through Paragraph 108 arbitration provision. Sorry, I'm confused. Why does Paragraph 30 refer to 108 then? Just as a method of selecting the arbitrator. It refers to Step 4 to say, this is how the arbitrator will be selected if we get to arbitration under Paragraph 30. I'm curious about the district court's opinion where it refers several times to undisputed facts. Is that appropriate to do in a 12B6? I wouldn't have chose those specific words. I think that the determination can be made as a matter of law by interpreting the collective bargaining agreement. But the result is the same. Because really the only documents that a court is supposed to look at in a 12B6 are the complaint and any exhibits to the complaint, which would include the collective bargaining agreement here. Is there anything else that the district court should or could have looked at? What the court also relied on in this case was the original complaint and the answer to that original complaint, which was filed before the first amended complaint. But the answer in a 12B6 is not to be taken against the plaintiff, right? Unless the answer is saying something that was already in the complaint. And I believe that's where the reference to undisputed, because we did not dispute some of the things that were alleged in the complaint. But these are things that are arguably being taken against the plaintiff. So the district court says it's undisputed that the union unsuccessfully attempted to obtain jurisdiction over the hydro excavator. Did the union admit that in a document, i.e., the complaint? No, that was a fact outside the record, but I don't believe it was dispositive of the court's decision. I am out of time. Do you have any further questions? I think we do not. Thank you, Counsel. Thank you. Thank you. I will be brief with my rebuttal and attempt to address issues that are of concern. To the extent that the district court made the determination that it is not within Local 18's jurisdiction, hydro-excavating equipment is not within our jurisdiction because it is not in Paragraph 4 or elsewhere in the collective bargaining agreement. Such a reasoning renders Paragraph 30 absolutely illusory. Because Paragraph 30 specifically contemplates a scenario where equipment is used by an employer that's within Local 18's jurisdiction and it's not in the equipment. That is the entire purpose of it. To put into that, to impose upon that a requirement that the equipment actually be identified in the agreement makes Paragraph 30 illusory. It would have no purpose. The idea is there's some types of equipment that are listed generally in 4 but that are more detailed in what is it, Appendix? In Appendix it would be Exhibit A and the attachments there too and the schedules there too. Where it's all specific and the wage rates are all laid out and everything. You could have something in the first list which hasn't made it to the second list yet. Right? That's the way it appears to work. Why wouldn't it work that way? Because I think what the district court found in that analysis was that it's not in Paragraph 4 so it can't be covered. And that's not true. The issue of whether it's in Paragraph 4 is a factual determination. And whether or not it's in the agreement... It wouldn't make it nullity. We could hypothesize things that are clearly not in Paragraph 4. Sewing machines, okay? Sewing machines I'll wager are probably not in there. No, but if they are not in Paragraph 4 but if the International Union of Operating Engineers utilizes that equipment somehow to sew a pipe together, a cloth pipe together, and then that equipment is assigned to an operating engineer by a member of the... It could be anything. Anything could be in Paragraph 4. It could be anything subject to Paragraph 30. Paragraph 30, the equipment that is identified in there could be any equipment so long as it is within our jurisdiction and is assigned to... You have a fairly good argument which you're turning into an unbelievable argument. I will move on from that unbelievable argument, Your Honor. I apologize. Exhibit A lists something called wheel excavators. What are they? Wheel excavators take several different forms but their determining feature is it is a way to excavate usually with a boom and a scoop that has wheels as opposed to tracks. They come in different sizes, different shapes, different looking booms, different looking scoops. They can be powered differently. They can be powered by electricity. They can be powered by diesel. There's very many different variations of excavators and different types of excavators, different types of drills, a multitude of different types of equipment that may or may not specifically be identified in there. But if they're not identified in there and they're used by contractors under the OCA and assigned to operating engineers for the sake of uniformity, which is Paragraph 29 specifies we need to have uniformity. The purpose of this agreement is to establish wages for work that's done here. If it is used, it's quite incumbent upon the parties to come to some agreement as to how that equipment shall be treated under the agreement. Now, given the issues with turning a good agreement into a poor one, I would cede my further time unless there is any further questions from the panel. I think there are not. Thank you, Counsel. The case will be submitted.